1  ELAN S. LEVEY (State Bar No. 174843)
   WEINSTEIN, WEISS & ORDUBEGIAN LLP
2  1925 Century Park East, Suite 1150
   Los Angeles, California  90067-2712
3  Telephone (310) 203-9393
   Facsimile (310) 203-8110
4  elevey@wwolawyers.com

5  Attorneys for William F. Conour,
   Defendant and Counter-Claimant

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11  In re                          )  Bk. No. 2:03-bk-19005-RN
                                   )  Substantively consolidated with
12  LITFUNDING CORP., a Nevada      )  Case No. 2:04-bk-11622-RN
    corporation; CALIFORNIA         )
13  LITFUNDING, a Nevada corporation, )     [Chapter 11]
                                   )
14          Debtors.               )
    _____ )
15  CALIFORNIA LITFUNDING, a        )  Adv. No. 2:07-ap-01485-RN
    Nevada corporation,             )
16                                  )
            Plaintiff,              )  ANSWER OF DEFENDANT WILLIAM
17                                  )  F. CONOUR TO COMPLAINT FOR:
        vs.                         )  BREACH OF CONTRACT; TURNOVER;
18                                  )  CONVERSION; AND UNJUST
    WILLIAM F. CONOUR, an           )  ENRICHMENT;
    individual; CONOUR DOEHRMAN,    )
19  LLC, a Limited Liability Company, as )
    DOES I through XX, inclusive,   )  AND
20                                  )
            Defendants.             )  COUNTERCLAIM AGAINST
21  _____ )  CALIFORNIA LITFUNDING AND
                                   )  RICHARD SCHWARTZ FOR VARIOUS
22  WILLIAM F. CONOUR, an           )  CLAIMS FOR RELIEF
    individual,                     )
23          Counter-Claimant        )
        vs.                         )
24                                  )  [Demand for Jury Trial]
    CALIFORNIA LITFUNDING, a        )
25  Nevada corporation; and RICHARD )
    SCHWARTZ, in his official capacity )  Status Conference:
26  as Contract Agent and personal  )  DATE:    February 14, 2008
    capacity,                       )  TIME:    9:30 a.m.
27          Counter-Defendants.     )  PLACE:   Courtroom 1645
                                   )           255 E. Temple Street
28  _____ )           Los Angeles, CA  90012

TO:    THE HONORABLE RICHARD M. NEITER, UNITED STATES

BANKRUPTCY JUDGE, PLAINTIFF CALIFORNIA LITFUNDING, A

NEVADA CORPORATION, AND ALL OTHER INTERESTED PARTIES:

Defendant William F. Conour, answering for himself and no other defendant,

hereby responds to the *Complaint For: 1) Breach of Contract; 2) Turnover; 3)*

*Conversion; and 4) Unjust Enrichment* (the "Complaint") filed in Adversary

Proceeding No. LA 07-01485-RN (the "Adversary Proceeding") as follows (the

"Answer"):

## I.

## DEFENDANT'S ANSWER TO PLAINTIFF'S ALLEGATIONS IN COMPLAINT

1.    Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations in the remainder of paragraph 1 of the

Complaint, and therefore, denies the allegations set forth therein.

2.    Answering Defendant does not consent to the entry of final orders of

judgment by the Bankruptcy Judge in this Adversary Proceeding.  Further, Defendant

hereby demands a jury trial of all issues triable by jury in this Adversary Proceeding

and does not consent to a jury trial conducted by the Bankruptcy Judge.  Further

answering the allegations of Paragraph 2 of the Complaint, Defendant is informed

and believes and, based thereon, alleges that Bankruptcy Rule 7008(a) does not

require Defendant to affirmatively plead whether this Adversary Proceeding is a

"core" or "non-core" proceeding.  Further answering the allegations of Paragraph 2 of

the Complaint, Defendant does not consent to the entry of a final order or a judgment

by the Bankruptcy Judge whether this Adversary Proceeding is a "core proceeding" or

a "non-core proceeding".  Further answering the allegations of Paragraph 2 of the

Complaint, Defendant hereby demands a trial by jury of all issues triable by jury and

Defendant does not consent to the Bankruptcy Judge conducting such jury trial.

Further answering the allegations of Paragraph 2 of the Complaint, and except as so

expressly alleged by him, Defendant does not have sufficient information or belief to enable him to answer such allegations and, based upon such lack of information or belief, Defendant denies, generally and specifically, conjunctively and disjunctively, each and all of the allegations of Paragraph 2.

3.    Answering Defendant denies the allegations set forth in paragraph 3 of the Complaint, Defendant denies that venue is proper for this Adversary Proceeding. Further answering the allegations of Paragraph 3 of the Complaint and except as so expressly alleged by him, Defendant does not have sufficient information or belief to enable him to answer such allegations and, based upon such lack of information or belief, Defendant denies, generally and specifically, conjunctively and disjunctively, each and all of the allegations set forth in Paragraph 3.

4.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 4 of the Complaint, and therefore, denies the allegations set forth therein.

5.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 5 of the Complaint, and therefore, denies the allegations set forth therein.

6.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 6 of the Complaint, and therefore, denies the allegations set forth therein.

7.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 7 of the Complaint, and therefore, denies the allegations set forth therein.

8.    Answering Defendant admits the allegations in paragraph 8 of the Complaint.

9.    Answering Defendant denies the allegations in paragraph 9 of the Complaint.

/ / /

1    10.    Answering Defendant admits the allegations in paragraph 10 of the

2    Complaint with respect to Conour only.  Defendant denies the remaining allegations

3    of paragraph 10 of the Complaint.

4    11.    Answering Defendant hereby incorporates by reference paragraphs 1

5    through 10 and realleges these paragraphs as though set forth in full herein.

6    12.    Answering Defendant admits the allegations of paragraph 12 of the

7    Complaint.

8    13.    Answering Defendant admits that Plaintiff advanced funds to law

9    firms or lawyers pursuant to a written contract and that Plaintiff's contractual right

10   of repayment is entirely nonrecourse.  Defendant denies the remaining allegations of

11   paragraph 13 of the Complaint.

12   14.    Answering Defendant admits the allegations of paragraph 14 of the

13   Complaint.

14   15.    Answering Defendant admits the allegations in paragraph 15 of the

15   Complaint.

16   16.    Answering Defendant admits that the Berry Contract (as that term is

17   defined in the Complaint) provides that Plaintiff will advance the sum of $25,000 and

18   that such sum was advanced.  Defendant denies the remaining allegations of

19   paragraph 16 of the Complaint.

20   17.    Answering Defendant admits the allegations in paragraph 17 of the

21   Complaint.

22   18.    Answering Defendant admits the allegations in paragraph 18 of the

23   Complaint.

24   19.    Answering Defendant admits that the Berry Contract provides that

25   upon a recovery, the attorney will hold "in trust" for Plaintiff all sums due.  Defendant

26   denies the remaining allegations of paragraph 19 of the Complaint.

27   20.    Answering Defendant admits the allegations in paragraph 20 of the

28   Complaint.

21.    Answering Defendant admits the allegations in paragraph 21 of the Complaint.

22.    Answering Defendant denies the allegations in paragraph 22 of the Complaint.  Without waiving his denial(s), Defendant states as follows:  On or about December 20, 2006, Defendant mailed a check for $85,000, payable to "Ronald S. Green, IEP Distribution Agent,"  which check constituted full payment of the advance under the Berry Contract.  Accordingly, Defendant satisfied his payment obligation under the Berry Contract.  Defendant denies the remaining allegations of paragraph 22 of the Complaint.

23.    Answering Defendant denies the allegations in paragraph 23 of the Complaint.

24.    Answering Defendant admits the allegations in paragraph 24 of the Complaint.

25.    Answering Defendant admits the allegations in paragraph 25 of the Complaint.

26.    Answering Defendant admits that the Ainscough Contract (as that term is defined in the Complaint) provides that Plaintiff will advance the sum of $25,000 and that such sum was advanced.  Defendant denies the remaining allegations of paragraph 26 of the Complaint.

27.    Answering Defendant admits the allegations in paragraph 27 of the Complaint.

28.    Answering Defendant admits that the Ainscough Contract provides that upon a recovery, the attorney will hold "in trust" for Plaintiff all sums due. Defendant denies the remaining allegations of paragraph 28 of the Complaint.

29.    Answering Defendant admits the allegations in paragraph 29 of the Complaint.

30.    Answering Defendant admits the allegations in paragraph 30 of the Complaint.

1    31.    Answering Defendant denies the allegations in paragraph 31 of the

2    Complaint.

3    32.    Answering Defendant denies the allegations in paragraph 32 of the

4    Complaint.

5    33.    Answering Defendant denies the allegations in paragraph 33 of the

6    Complaint.

7    34.    Answering Defendant denies the allegations in paragraph 34 of the

8    Complaint with respect to his alleged representation of "Ernest Knight." Answering

9    Defendant admits the remaining allegations of paragraph 34 of the Complaint.

10    35.    Answering Defendant admits the allegations in paragraph 35 of the

11    Complaint.

12    36.    Answering Defendant admits that the Tarwater February Contract (as

13    that term is defined in the Complaint) provides that Plaintiff will advance the sum of

14    $25,000 and that such sum was advanced.  Defendant denies the remaining

15    allegations of paragraph 36 of the Complaint.

16    37.    Answering Defendant admits the allegations in paragraph 37 of the

17    Complaint.

18    38.    Answering Defendant admits that the Tarwater February Contract

19    provides that upon a recovery, the attorney will hold "in trust" for Plaintiff all sums

20    due.  Defendant denies the remaining allegations of paragraph 38 of the Complaint.

21    39.    Answering Defendant admits the allegations in paragraph 39 of the

22    Complaint.

23    40.    Answering Defendant admits the allegations in paragraph 40 of the

24    Complaint.

25    41.    Answering Defendant admits the allegations in paragraph 41 of the

26    Complaint.

27    42.    Answering Defendant admits that the Tarwater March Contract (as

28    that term is defined in the Complaint) provides that Plaintiff will advance the sum of

$25,000 and that such sum was advanced.  Defendant denies the remaining allegations of paragraph 42 of the Complaint.

43.    Answering Defendant admits the allegations in paragraph 43 of the Complaint.

44.    Answering Defendant admits that the Tarwater March Contract provides that upon a recovery, the attorney will hold "in trust" for Plaintiff all sums due.  Defendant denies the remaining allegations of paragraph 44 of the Complaint.

45.    Answering Defendant admits the allegations in paragraph 45 of the Complaint.

46.    Answering Defendant admits the allegations in paragraph 46 of the Complaint.

47.    Answering Defendant denies the allegations in paragraph 47 of the Complaint.

48.    Answering Defendant denies the allegations in paragraph 48 of the Complaint.  Without waiving his denial(s), Defendant states as follows:  Defendant admits that he made a payment of $35,000 but denies Plaintiff's characterization of said payment as "partial."  Defendant's payment of $35,000 constituted a full compromise, accord and satisfaction of all amounts owed under the Tarwater February Contract and the Tarwater March Contract.

49.    Answering Defendant denies the allegations in paragraph 49 of the Complaint.

50.    Answering Defendant denies the allegations in paragraph 50 of the Complaint.

51.    Answering Defendant hereby incorporates by reference paragraph 1 through 50 and realleges these paragraphs as though set forth in full herein.

52.    Answering Defendant denies the allegations in paragraph 52 of the Complaint.

/ / /

h:\h\c\1692.006_AnswerToComplaint.wpd
2/8/08 (12:22 pm)

1    53. Answering Defendant denies the allegations in paragraph 53 of the

2 Complaint.

3    54. Answering Defendant denies the allegations in paragraph 54 of the

4 Complaint.

5    55. Answering Defendant denies the allegations in paragraph 55 of the

6 Complaint.

7    56. Answering Defendant denies the allegations in paragraph 56 of the

8 Complaint.

9    57. Answering Defendant hereby incorporates by reference paragraph 1

10 through 56 and realleges these paragraphs as though set forth in full herein.

11    58. Answering Defendant admits the allegations in paragraph 58 of the

12 Complaint.

13    59. Answering Defendant is without knowledge or information sufficient to

14 form a belief as to the truth of the allegations in the remainder of paragraph 59 of the

15 Complaint, and therefore, denies the allegations set forth therein.

16    60. Answering Defendant denies the allegations in paragraph 60 of the

17 Complaint.

18    61. Answering Defendant denies the allegations in paragraph 61 of the

19 Complaint.

20    62. Answering Defendant hereby incorporates by reference paragraph 1

21 through 61 and realleges these paragraphs as though set forth in full herein.

22    63. Answering Defendant denies the allegations in paragraph 63 of the

23 Complaint.

24    64. Answering Defendant denies the allegations in paragraph 64 of the

25 Complaint.

26    65. Answering Defendant denies the allegations in paragraph 65 of the

27 Complaint.

28 / / /

1    66.    Answering Defendant denies the allegations in paragraph 66 of the

2    Complaint.

3    67.    Answering Defendant hereby incorporates by reference paragraph 1

4    through 66 and realleges these paragraphs as though set forth in full herein.

5    68.    Answering Defendant denies the allegations in paragraph 68 of the

6    Complaint.

7    69.    Answering Defendant denies the allegations in paragraph 69 of the

8    Complaint.

9    70.    Answering Defendant hereby incorporates by reference paragraph 1

10   through 69 and realleges these paragraphs as though set forth in full herein.

11   71.    Answering Defendant denies the allegations in paragraph 71 of the

12   Complaint.

13   72.    Answering Defendant denies the allegations in paragraph 72 of the

14   Complaint.

15   73.    Answering Defendant denies the allegations in paragraph 73 of the

16   Complaint.

17   74.    Answering Defendant denies the allegations in paragraph 74 of the

18   Complaint.

19   75.    Answering Defendant denies the allegations in paragraph 75 of the

20   Complaint.

21   76.    Answering Defendant hereby incorporates by reference paragraph 1

22   through 75 and realleges these paragraphs as though set forth in full herein.

23   77.    Answering Defendant admits the allegations in paragraph 77 of the

24   Complaint.

25   78.    Answering Defendant is without knowledge or information sufficient to

26   form a belief as to the truth of the allegations in the remainder of paragraph 78 of the

27   Complaint, and therefore, denies the allegations set forth therein.

28   / / /

1    79.    Answering Defendant denies the allegations in paragraph 79 of the

2    Complaint.

3    80.    Answering Defendant denies the allegations in paragraph 80 of the

4    Complaint.

5    81.    Answering Defendant hereby incorporates by reference paragraph 1

6    through 80 and realleges these paragraphs as though set forth in full herein.

7    82.    Answering Defendant denies the allegations in paragraph 82 of the

8    Complaint.

9    83.    Answering Defendant denies the allegations in paragraph 83 of the

10   Complaint.

11   84.    Answering Defendant denies the allegations in paragraph 84 of the

12   Complaint.

13   85.    Answering Defendant denies the allegations in paragraph 85 of the

14   Complaint.

15   86.    Answering Defendant hereby incorporates by reference paragraph 1

16   through 85 and realleges these paragraphs as though set forth in full herein.

17   87.    Answering Defendant denies the allegations in paragraph 87 of the

18   Complaint.

19   88.    Answering Defendant denies the allegations in paragraph 88 of the

20   Complaint.

21   89.    Answering Defendant hereby incorporates by reference paragraph 1

22   through 88 and realleges these paragraphs as though set forth in full herein.

23   90.    Answering Defendant denies the allegations in paragraph 90 of the

24   Complaint.

25   91.    Answering Defendant denies the allegations in paragraph 91 of the

26   Complaint.

27   92.    Answering Defendant denies the allegations in paragraph 92 of the

28   Complaint.

1    93.    Answering Defendant denies the allegations in paragraph 93 of the

2    Complaint.  Without waiving his denial(s), Defendant states as follows:  Defendant

3    admits that he made a payment of $35,000 but denies Plaintiff's characterization of

4    said payment as "partial."  Defendant's payment of $35,000 constituted a full

5    compromise, accord and satisfaction of all amounts owed under the Tarwater

6    February Contract and the Tarwater March Contract.

7    94.    Answering Defendant denies the allegations in paragraph 94 of the

8    Complaint.

9    95.    Answering Defendant denies the allegations in paragraph 95 of the

10    Complaint.

11    96.    Answering Defendant hereby incorporates by reference paragraph 1

12    through 95 and realleges these paragraphs as though set forth in full herein.

13    97.    Answering Defendant admits the allegations in paragraph 97 of the

14    Complaint.

15    98.    Answering Defendant is without knowledge or information sufficient to

16    form a belief as to the truth of the allegations in the remainder of paragraph 98 of the

17    Complaint, and therefore, denies the allegations set forth therein.

18    99.    Answering Defendant denies the allegations in paragraph 99 of the

19    Complaint.

20    100.    Answering Defendant denies the allegations in paragraph 100 of the

21    Complaint.

22    101.    Answering Defendant hereby incorporates by reference paragraph 1

23    through 100 and realleges these paragraphs as though set forth in full herein.

24    102.    Answering Defendant denies the allegations in paragraph 102 of the

25    Complaint.

26    103.    Answering Defendant denies the allegations in paragraph 103 of the

27    Complaint.

28    / / /

h:\h\c\1692.006_AnswerToComplaint.wpd
2/8/08 (12:22 pm)

1        104.    Answering Defendant denies the allegations in paragraph 104 of the

2  Complaint.

3        105.    Answering Defendant denies the allegations in paragraph 105 of the

4  Complaint.

5        106.    Answering Defendant hereby incorporates by reference paragraph 1

6  through 105 and realleges these paragraphs as though set forth in full herein.

7        107.    Answering Defendant denies the allegations in paragraph 107 of the

8  Complaint.

9        108.    Answering Defendant denies the allegations in paragraph 108 of the

10  Complaint.

11        109.    Answering Defendant hereby incorporates by reference paragraph 1

12  through 108 and realleges these paragraphs as though set forth in full herein.

13        110.    Answering Defendant denies the allegations in paragraph 110 of the

14  Complaint.

15        111.    Answering Defendant denies the allegations in paragraph 111 of the

16  Complaint.

17        112.    Answering Defendant denies the allegations in paragraph 112 of the

18  Complaint.

19        113.    Answering Defendant denies the allegations in paragraph 113 of the

20  Complaint.

21        114.    Answering Defendant denies the allegations in paragraph 114 of the

22  Complaint.

23        115.    Answering Defendant hereby incorporates by reference paragraph 1

24  through 114 and realleges these paragraphs as though set forth in full herein.

25        116.    Answering Defendant admits the allegations in paragraph 116 of the

26  Complaint.

27        117.    Answering Defendant is without knowledge or information sufficient to

28  form a belief as to the truth of the allegations in the remainder of paragraph 117 of

1   the Complaint, and therefore, denies the allegations set forth therein.

2        118.    Answering Defendant denies the allegations in paragraph 118 of the

3   Complaint.

4        119.    Answering Defendant denies the allegations in paragraph 119 of the

5   Complaint.

6        120.    Answering Defendant hereby incorporates by reference paragraph 1

7   through 119 and realleges these paragraphs as though set forth in full herein.

8        121.    Answering Defendant denies the allegations in paragraph 121 of the

9   Complaint.

10       122.    Answering Defendant denies the allegations in paragraph 122 of the

11  Complaint.

12       123.    Answering Defendant denies the allegations in paragraph 123 of the

13  Complaint.

14       124.    Answering Defendant denies the allegations in paragraph 124 of the

15  Complaint.

16       125.    Answering Defendant hereby incorporates by reference paragraph 1

17  through 124 and realleges these paragraphs as though set forth in full herein.

18       126.    Answering Defendant denies the allegations in paragraph 126 of the

19  Complaint.

20       127.    Answering Defendant denies the allegations in paragraph 127 of the

21  Complaint.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## AFFIRMATIVE DEFENSES

Defendant asserts the following non-exclusive affirmative defenses to the claims asserted by Plaintiff against the Defendant.

## FIRST AFFIRMATIVE DEFENSE

### [Lack of Jurisdiction]

128.    The Bankruptcy Court lacks jurisdiction to hear and determine the Plaintiff's claims against Defendant.  Defendant hereby reserves any and all rights to object to the jurisdiction of the Bankruptcy Court.  Defendant objects to the entry of final orders or judgment in this Adversary Proceeding by the Bankruptcy Judge. Further, Defendant hereby demands a trial by jury of all issues so triable, declines to consent to such jury trial being conducted by the Bankruptcy Judge, and gives notice of his intention to request the District Court to withdraw the reference of this Adversary Proceeding from the Bankruptcy Court.

## SECOND AFFIRMATIVE DEFENSE

### [Failure To State A Claim]

129.    The Complaint fails to state any claim upon which any relief can be granted as against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### [Statute of Limitations]

130.    Each and all of the claims for relief alleged in the Complaint are barred by applicable statutes of limitation.

/ / /

/ / /

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### [Good Faith of Defendant]

131.    Plaintiff is not entitled to any relief as against Defendant because, at all relevant times and as to all relevant transactions, Defendant acted in good faith within the meaning of applicable law.

## FIFTH AFFIRMATIVE DEFENSE

### [Value Given By Defendant]

132.    Plaintiff is not entitled to any relief against Defendant.  At all relevant times and in connection with all relevant transactions, Defendant, in good faith, gave value to the Plaintiff within the meaning of, and to the extent required by applicable law. as to preclude any recovery by the Plaintiff from Defendant including, without limitation, Plaintiff's receipt of funds in an amount exceeding $9,000.  Said funds were invested by Defendant with Plaintiff and Defendant's payment of interest in excess of the statutory maximum interest rates allowed by applicable law.   Which, in connection with the contracts that are the subject of the Complaint, referred to therein as the Berry Contract, the Ainscough Contract and the Tarwater February and March Contracts.

## SIXTH AFFIRMATIVE DEFENSE

### [Unenforceability of Lien]

133.    The lien provisions of each of the contracts that are the subject of the Complaint, referred to therein as the Berry Contract, the Ainscough Contract and the Tarwater February and March Contracts, were improperly created and are therefore unenforceable.

/ / /

/ / /

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### [Recoupment]

134.    The relief Plaintiff seeks is barred by the doctrine of recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

### [Setoff]

In the alternative, the relief Plaintiff seeks is barred by the doctrine of setoff and any stay or injunction should be lifted so Defendant may properly assert same.

## NINTH AFFIRMATIVE DEFENSE

### [Waiver and Estoppel]

135.    The relief Plaintiff seeks is barred by the doctrines of waiver and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

### [Full Performance]

136.    Plaintiff is not entitled to any relief as against Defendant because, at all relevant times and as to all relevant transactions, Defendant fully performed his obligations under each of the contracts that are the subject of the Complaint, referred to therein as the Berry Contract, the Ainscough Contract and the Tarwater February and March Contracts.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Breach of Covenant of Good Faith and Fair Dealing]

137.    Through its actions, Plaintiff has breached the covenant of good faith and fair dealing.

/ / /

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE

### [Accord and Satisfaction]

138.    Plaintiff's claims are barred by principles of accord and satisfaction and other applicable law in connection with Defendant's full and final satisfaction of his obligations under the Tarwater February and March Contracts.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Usury]

139.    The rates of interest charged by Plaintiff pursuant to each of the written contracts that are the subject of the Complaint, referred to therein as the Berry Contract, the Ainscough Contract and the Tarwater February and March Contracts, included rates of interest that exceeded the statutory maximum interest rate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Reservation of Rights to Assert Additional Affirmative Defenses]

140.    Defendant states that he currently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, separate defenses available.  Defendant reserves the right to assert additional separate defenses in the event that discovery indicates they would be appropriate

## DEMAND FOR TRIAL BY JURY PURSUANT TO LOCAL BANKRUPTCY RULE 9015-2

141.    Pursuant to Local Bankruptcy Rule 9015-2, Defendant hereby demands trial by jury in the District Court of all issues so triable in this Adversary Proceeding. Defendant does not consent to a trial by jury conducted by the Bankruptcy Court. Defendant objects to the entry of any final orders or judgment by the Bankruptcy Judge in this Adversary Proceeding.

1    **WHEREFORE**, Defendant prays that:

2    1.    That the Plaintiff take nothing under any claim of the Complaint;

3    2.    Judgment be entered against the Plaintiff and in favor of Defendant;

4    3.    For costs of suit incurred herein, including attorneys' fees and costs as

5    provided by applicable case law, statute and/or agreement of the parties; and

6    4.    For such other and further relief as the Court may deem just and

7    proper under the circumstances of this case.

8

9                                   **II.**

10    **DEFENDANT'S COUNTER-CLAIM AGAINST CALIFORNIA LITFUNDING,**

11          **a Nevada corporation; and RICHARD SCHWARTZ, in his**

12    **official and personal capacities, FOR VARIOUS CLAIMS FOR RELIEF**

13                            **LISTED HEREIN.**

14

15          William F. Conour, the counter-claimant herein and defendant in the above-

16    captioned adversary proceeding (the "Counter-Claimant"), hereby counter-claims

17    against California Litfunding, a Nevada corporation and Richard Schwartz, in his

18    official and personal capacities, and respectfully represents and alleges as follows (the

19    "Counterclaim"):

20

21                       **JURISDICTION AND VENUE**

22    1.    This adversary proceeding arises in and relates to the consolidated

23    Chapter 11 cases of *In re Litfunding Corporation* and *In re California Litfunding*,

24    substantively consolidated as case number LA 03-19005-RN, which is currently

25    pending before this Court (the "Bankruptcy Case").  The Bankruptcy Court has

26    jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334

27    (a).

28    ///

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

3.      Counter-Claimant does not consent to the entry of final orders of judgment by the Bankruptcy Judge whether this Adversary Proceeding is a "core proceeding" or a "non-core proceeding". Further, Counter-Claimant demands a jury trial of all issues triable by jury in this Adversary Proceeding and does not consent to the Bankruptcy Judge conducting such jury trial.

## THE PARTIES

4.      Upon information and belief, California Litfunding, a Nevada corporation, is a Nevada corporation that is licensed to do business in the state of California ("Counter-Defendant Litfunding" or "California Litfunding"). Upon information and belief, California Litfunding is the successor-in-interest, by merger, to all of the assets and liabilities of the debtor, LitFunding Corporation, a Nevada corporation ("Litfunding Nevada"). California Litfunding and Litfunding Nevada shall sometimes be collectively referred to herein as the "Litfunding Entities."

5.      Upon information and belief, California Litfunding is one of the reorganized debtors in the above-entitled Chapter 11 proceeding, having filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on or about January 26, 2004 (the "Petition Date").

6.      Upon information and belief, by order entered on June 17, 2004, the Bankruptcy Court approved the Litfunding Entities' second amended joint plan of reorganization (the "Plan").

7.      Upon information and belief, pursuant to the Plan and by subsequent post-confirmation stipulation entered by this Court on January 10, 2005, Richard Schwartz is, and at all relevant times herein was, an individual appointed as the contract agent and/or collection agent for the Litfunding Entities ("Counter-Defendant Schwartz") (Counter-Defendant Litfunding and Counter-Defendant Schwartz shall hereinafter collectively be referred to as the "Counter-Defendants").

8.      William F. Conour ("Counter-Claimant"), is, and at all relevant times herein was, an attorney admitted to practice law in the State of Indiana.

## GENERAL ALLEGATIONS

9.      Counter-Claimant realleges and incorporates by reference paragraphs 1 through 8 set forth above as though each paragraph was fully set forth herein.

### Berry Contract

10.      Counter-Claimant was counsel of record for plaintiffs in the action entitled *Berry v. The State of Indiana*, filed in Marion County Circuit Court, Case number 49D04-9907-CT-001015 (the "Berry Lawsuit").

11.      On or about March 20, 2002, Counter-Claimant entered into a written contract with Counter-Defendant Litfunding entitled "Contingent Advance Agreement" (the "Berry Contract"), a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by this reference.

12.      Pursuant to the Berry Contract, Counter-Defendant Litfunding provided a non-recourse advance of $25,000 ("Berry Advance") to Counter-Claimant in connection with the Berry Lawsuit. Repayment of the Berry Advance was contingent upon Counter-Claimant's recovery of attorneys' fees in the Berry Lawsuit. If Counter-Claimant received no recovery in connection with the Berry Contract, no obligation arose for repayment of the Berry Advance. Additionally, the Berry Contract contains an affirmative acknowledgment that rights to collection are limited to the amount of the attorneys' fees recovered by Counter-Claimant, and specifically exclusive of any monies that Counter-Claimant's client receives in the Berry Lawsuit.

### Ainscough Contract

13.      Counter-Claimant was counsel of record for plaintiffs in the action entitled *Ainscough v. Bovis Construction Corporation, et al.*, filed in Hendricks County Circuit Court, Case number 32C01-0001-CT-22 (the "Ainscough Lawsuit").

/ / /

14.    On or about February 12, 2002, Counter-Claimant entered into a written contract with Counter-Defendant Litfunding entitled "Contingent Advance Agreement" (the "Ainscough Contract"), a true and correct copy of which is attached hereto as Exhibit "2" and incorporated herein by this reference.

15.    Pursuant to the Ainscough Contract, Counter-Defendant Litfunding provided a non-recourse advance of $25,000 ("Ainscough Advance") to Counter-Claimant in connection with the Ainscough Lawsuit.  Repayment of the Ainscough Advance was contingent upon Counter-Claimant's recovery of attorneys' fees in the Ainscough Lawsuit.  If Counter-Claimant received no recovery in connection with the Ainscough Contract, no obligation arose for repayment of the Ainscough Advance. Additionally, the Ainscough Contract contains an affirmative acknowledgment that rights to collection are limited to the amount of the attorneys' fees recovered by Counter-Claimant, and specifically exclusive of any monies that Counter-Claimant's client receives in the Ainscough Lawsuit.

16.    As of this date, the Ainscough Lawsuit remains pending and has not been concluded; as such, Counter-Claimant has not received a recovery in the Ainscough Lawsuit.

### Tarwater February Contract and Tarwater March Contract

17.    Counter-Claimant was counsel of record for plaintiff in the action entitled *Tarwater v. RFB, Inc. et al.*, filed in Vigo Superior Court, Case number 84D01-9906-CP894 (the "Tarwater Lawsuit").

18.    On or about February 20, 2002, Counter-Claimant entered into a written contract with Counter-Defendant Litfunding entitled "Contingent Advance Agreement" (the "Tarwater February Contract"), a true and correct copy of which is attached hereto as Exhibit "3" and incorporated herein by this reference.

19.    Pursuant to the Tarwater February Contract, Counter-Defendant Litfunding provided a non-recourse advance of $25,000 ("Tarwater February Advance") to Counter-Claimant in connection with the Tarwater Lawsuit.  Repayment

1  of the Tarwater February Advance was contingent upon Counter-Claimant's recovery

2  of attorneys' fees in the Tarwater Lawsuit.  If Counter-Claimant received no recovery

3  in connection with the Tarwater February Contract, no obligation arose for repayment

4  of the Tarwater February Advance.  The Tarwater February Contract contains  an

5  affirmative acknowledgment that rights to collection are limited to the amount of the

6  attorneys' fees recovered by Counter-Claimant, and specifically exclusive of any

7  monies that Counter-Claimant's client receives in the Tarwater Lawsuit.

8        20.    On or about March 1, 2002, Counter-Claimant entered into a written

9  contract with California LitFunding entitled "Contingent Advance Agreement" (the

10  "Tarwater March Contract"), a true and correct copy of which is attached hereto as

11  Exhibit "4" and incorporated herein by this reference.  (The Berry Contract, Ainscough

12  Contract, Tarwater February Contract and the Tarwater March Contract shall

13  hereinafter be collectively referred to as the "Contracts").

14        21.    Pursuant to the Tarwater March Contract, Counter-Defendant

15  Litfunding provided a non-recourse advance of $25,000  ("Tarwater March Advance")

16  to Counter-Claimant in connection with the Tarwater Lawsuit.  Repayment of said

17  advance was contingent upon Counter-Claimant's recovery of attorneys' fees in the

18  Tarwater Lawsuit.  If Counter-Claimant received no recovery in connection with the

19  Tarwater March Contract, no obligation arose for repayment of the Tarwater March

20  Advance.  Additionally, the Tarwater March Contract contains an affirmative

21  acknowledgment that rights to collection are limited to the amount of the attorneys'

22  fees recovered by Counter-Claimant, and specifically exclusive of any monies that

23  Counter-Claimant's client receives in the Tarwater Lawsuit.

24        22.    The Tarwater Lawsuit resulted in a total recovery to the *plaintiff* of

25  said Lawsuit of a cumulative sum of $35,000 ("Tarwater Settlement Amount").  The

26  entire Tarwater Settlement Amount was paid by Counter-Claimant to or on behalf of

27  Counter-Defendant Schwartz, pursuant to an agreement entered into by and between

28  Counter-Claimant and Counter-Defendant Schwartz.

### Pre-Contract Representations

23.    Prior to entering into the Contracts, Counter-Defendant Litfunding made affirmative representations to Counter-Claimant that the Contracts were entirely contingent non-recourse contracts. Furthermore, Counter-Claimant alleges and believes that Counter-Defendant Litfunding made assurances and representations that it would not and could not file suit to collect any monies advanced, pursuant to said Contracts.

### I.

### FIRST COUNTER CLAIM FOR RELIEF

### (For Declaratory Relief)

### (Against All Counter-Defendants)

24.    Counter-Claimant realleges and incorporates herein by this reference paragraphs 1 - 23, set forth above as though each paragraph was fully set forth herein. incorporates herein.

25.    Counter-Claimant is informed and believes, and thereon alleges, that an actual dispute exists in that Counter-Claimant believes that the Plan contains provisions designed and intended to restrict, prohibit and otherwise limit Counter-Claimant's rights to seek legal redress against Counter-Defendants, in violation of Counter-Claimant's due process rights, including, without limitation, a permanent injunction against the commencement or continuation of any action or other proceeding of any kind to recover on such claims or rights of action against the Litfunding Entities, their successors or their property (the "Subject Plan Provisions").

26.    Counter-Claimant is informed and believes, and thereon alleges, that Counter-Defendants contend that the Subject Plan Provisions are enforceable and prohibit Counter-Claimant from commencing this Counterclaim.

27.    Counter-Claimant is informed and believes, and based thereon alleges, that an actual controversy exists as to the enforceability of the Subject Plan Provisions, and that said controversy is the proper subject for declaratory relief.  A

1    judicial declaration is necessary and appropriate at the present time so that the

2    parties may ascertain their respective rights, duties and obligations with respect

3    thereto.

4

5                                         II.

6                        SECOND COUNTER CLAIM FOR RELIEF

7                              (For Fraud and Deceit)

8                         (Against All Counter-Defendants)

9          28.    Counter-Claimant  realleges and incorporates herein by this reference

10   paragraphs 1 - 23, set forth above as though each paragraph was fully set forth herein.

11         29.    Counter-Claimant is informed and believes, and thereon alleges, that

12   prior to the time that Counter-Claimant entered into each of the Contracts with

13   Counter-Defendant Litfunding, several employees and agents of Counter-Defendant

14   Litfunding represented to Counter-Claimant that the Contracts were contingent and

15   entirely non-recourse and that suit would not be commenced for recovery.

16         30.    Counter-Claimant is informed and believes, and thereon alleges, that

17   after Counter-Claimant entered into the Contracts with Counter-Defendant

18   Litfunding, several employees and agents of Counter-Defendant Litfunding again

19   represented to Counter-Claimant that Counter-Defendant Litfunding would never

20   seek legal remedy against Counter-Claimant.

21         31.    Counter-Claimant is informed and believes, and thereon alleges, that

22   these representations were made directly to Counter-Claimant bu Counter-Defendant

23   Litfunding during various telephone conversations and in-person meetings held at

24   Counter-Claimant's law offices both before and after Counter-Claimant entered into

25   the Contracts with Counter-Defendant Litfunding.

26         32.    Counter-Claimant is informed and believes, and thereon alleges, that

27   the representations made by the agents and employees of Counter-Defendant

28   Litfunding were false and the agents and employees of Counter-Defendant Litfunding

1  knew these representations were false at the time they made the representations to

2  Counter-Claimant.

3      33.   Counter-Claimant is informed and believes, and thereon alleges, that

4  Counter-Claimant did not know and had no way of knowing that these representations

5  were false.

6      34.   Counter-Claimant is informed and believes, and thereon alleges, that

7  Counter-Claimant relied upon the representations made by the agents and employees

8  of Counter-Defendant Litfunding by entering into the Contracts and continuing to

9  enter into contracts with Counter-Defendant Litfunding.  Counter-Claimant would not

10 have entered into the Contracts or continued doing business with Counter-Defendant

11 Litfunding if he had known the representations made by the employees and agents of

12 Counter-Defendant Litfunding were false.

13     35.   Counter-Claimant is informed and believes, and thereon alleges, that

14 Counter-Claimant was damaged as a result of his reliance upon the knowingly false

15 representations of the agents and employees of Counter-Defendant Litfunding because

16 the subject Complaint has been brought against him and has caused him to incur

17 attorneys' fees in defending against the suit.

18     36.   Counter-Claimant is informed and believes, and thereon alleges, that

19 Counter-Claimant has been damaged in an amount to be proven at trial, as a result of

20 Counter-Defendant Litfunding's fraud and deceit, which amount continues to accrue.

21 Counter-Claimant 's final calculation of damages will be proven at trial.

22     37.   Counter-Claimant is informed and believes, and thereon alleges, that

23 Counter-Defendant Litfunding acted intentionally and with malice to defraud

24 Counter-Claimant.

25     38.   Counter-Claimant also seeks punitive damages against

26 Counter-Defendant Litfunding in an amount to be proven at trial.

27 / / /

28 / / /

III

## THIRD COUNTER CLAIM FOR RELIEF

### (For Defamation)

### (Against Counter-Defendant Schwartz)

Counter-Claimant  realleges and incorporates herein by this reference paragraphs 1 - 23, set forth above as though each paragraph was fully set forth herein.

39.    Counter-Claimant is informed and believes, and thereon alleges, that Counter-Defendant Schwartz harmed him by making one or more of the following statement(s): (a) Counter-Defendant Litfunding has a lien on settlement proceeds in the Tarwater Lawsuit; and (b) Counter-Defendant Litfunding has a lien on settlement proceeds in the Ainsough Lawsuit.  Counter-Claimant is informed and believes, and thereon alleges, that Counter-Defendant Schwartz harmed him by making these statements directly to the presiding judge and/or court personnel as well as to defense counsel in the Tarwater Lawsuit and to the presiding judge and/or court personnel in the Ainscough Lawsuit.

40.    Counter-Claimant is informed and believes, and thereon alleges, that the presiding judge, court personnel and defense counsel in the Tarwater Lawsuit and the Ainscough Lawsuit reasonably understood that the statements were about Counter-Claimant and that the courts and defense counsel reasonably understood the statements to mean that Counter-Claimant had inappropriately usurped funds not otherwise entitled to him, and that the statements were false or had serious doubts about the truth of the statements.

41.    Accordingly, Counter-Claimant's reputation was harmed and caused harm to his business, trade, profession and occupation as a lawyer.

42.    Counter-Claimant is informed and believes, and thereon alleges, that Counter-Defendant Schwartz acted with malice, oppression and fraud.

/ / /

/ / /

## IV.

## FOURTH COUNTER CLAIM FOR RELIEF

### (Accord and Satisfaction)

### (Against All Counter-Defendants)

43.    Counter-Claimant realleges and incorporates herein by this reference paragraphs 1 - 23, set forth above as though each paragraph was fully set forth herein.

44.    Counter-Claimant is informed and believes, and thereon alleges, that the resolution of the Tarwater Lawsuit resulted in a total cumulative recovery to the Tarwater *plaintiff* of $35,000.  Counter-Claimant is informed and believes, and thereon alleges, that Counter-Claimant and Richard Schwartz entered into negotiations whereby Counter-Claimant offered in settlement and Richard Schwartz agreed to accept payment of $35,000 in full and final accord and satisfaction of Counter-Claimant's obligations pursuant to the Tarwater February and March Contracts.

45.    Counter-Claimant is informed and believes, and thereon alleges, that Counter-Claimant and Counter-Defendants entered into an agreement pursuant to which Counter-Defendants agreed to accept Counter-Claimant's promise to pay the sum of $35,000 as full and final satisfaction of the Tarwater February and March Contracts.  In acceptance thereof, Counter-Defendants received and accepted Counter-Claimant's tender of said funds pursuant to a check, and cashed the check for $35,000 in full accord and satisfaction of the Tarwater February and March Contracts.

46.    Counter-Claimant is informed and believes, and thereon alleges, that payment of the $35,000 constituted full settlement and satisfaction of Counter-Claimant's pre-existing and previously disputed obligations under the Tarwater February and March Contracts.

/ / /

/ / /

/ / /

## V.

## FIFTH COUNTER CLAIM FOR RELIEF

### (For Usury)

### (California Constitution Article 15 §1)

### (Against Counter-Defendant Litfunding)

47.    Counter-Claimant  realleges and incorporates herein by this reference paragraphs 1 - 23, set forth above as though each paragraph was fully set forth herein.

48.    Counter-Claimant is informed and believes, and thereon alleges, that the Berry Contract was a contract for a loan that Counter-Defendant Litfunding made to Counter-Claimant.

49.    Counter-Claimant is informed and believes, and thereon alleges, that the Berry Contract provided that Counter-Claimant was obligated to pay interest to Counter-Defendant Litfunding at a rate that exceeded the statutory maximum established in the California Constitution Article 15 § 1.

50.    Counter-Claimant is informed and believes, and thereon alleges, that the Berry Contract established that Counter-Claimant was absolutely indebted to repay both the principal and the interest on the principal loaned to him by Counter-Defendant Litfunding.

51.    Counter-Claimant is informed and believes, and thereon alleges, that by entering into the Berry Contract, Counter-Defendant Litfunding willfully and knowingly intended to enter into a loan transaction that required Counter-Claimant to pay a rate of interest that was higher than the rate permitted by California Constitution Article 15 § 1.

52.    Counter-Claimant is informed and believes, and thereon alleges, that the Ainscough Contract was a contract for a loan that Counter-Defendant Litfunding made to Counter-Claimant.

53.    Counter-Claimant is informed and believes, and thereon alleges, that the Ainscough Contract provided that Counter-Claimant was obligated to pay interest

1   to Counter-Defendant Litfunding at a rate that exceeded the statutory maximum

2   established in California Constitution Article 15 §1.

3         54.    Counter-Claimant is informed and believes, and thereon alleges, that

4   the Ainscough Contract established that Counter-Claimant was absolutely indebted to

5   repay both the principal and the interest on the principal loaned to him by

6   Counter-Defendant Litfunding.

7         55.    Counter-Claimant is informed and believes, and thereon alleges, that

8   by entering into the Ainscough Contract Counter-Defendant Litfunding willfully and

9   knowingly intended to enter into a loan transaction that required Counter-Claimant

10  to pay a rate of interest that was higher than the rate permitted by California

11  Constitution Article 15 § 1.

12        56.    Counter-Claimant is informed and believes, and thereon alleges, that

13  The Tarwater February Contract and the Tarwater March Contract were contracts for

14  loans that Counter-Defendant Litfunding made to Counter-Claimant.

15        57.    Counter-Claimant is informed and believes, and thereon alleges, that

16  the Tarwater February and March Contracts provided that Counter-Claimant was

17  obligated to pay interest to Counter-Defendant Litfunding at a rate that exceeded the

18  statutory maximum established in the California Constitution Article 15 § 1.

19        58.    Counter-Claimant is informed and believes, and thereon alleges, that

20  the Tarwater Contracts established that Counter-Claimant was absolutely indebted to

21  repay both the principal and interest on the principal loaned to him by

22  Counter-Defendant Litfunding.

23        59.    Counter-Claimant is informed and believes, and thereon alleges, that

24  by entering into the Tarwater Contracts, Counter-Defendant Litfunding willfully and

25  knowingly intended to enter into a loan transaction that required Counter-Claimant

26  to pay a rate of interest that was higher than the rate permitted by California

27  Constitution Article 15 § 1.

28  / / /

60. Counter-Claimant has been damaged as a result of the usurious contracts entered into with Counter-Defendant Litfunding in a final amount to be proven at trial.

61. Counter-Claimant is informed and believes, and thereon alleges, that Counter-Defendant Litfunding acted intentionally and with malice when it violated the usury laws by entering into the Berry Contract, the Ainscough Contract and the Tarwater February and March Contracts.

62. Counter-Claimant is informed and believes, and thereon alleges, that Counter-Defendant Litfunding acted intentionally and with malice by including usurious provisions in its Contracts with Counter-Claimant.

63. Counter-Claimant also seeks punitive damages against Counter-Defendant Litfunding in an amount to be proven at trial.

## VI.

## SIXTH COUNTER CLAIM FOR RELIEF

### (Money Had and Received)

### (Against All Counter-Defendants)

64. Counter-Claimant realleges and incorporates herein by this reference paragraphs 1 through 63, set forth above as though each paragraph was fully set forth herein.

65. Counter-Claimant is informed and believes, and based thereon alleges, that Counter-Claimant made usurious interest payments to Counter-Defendants.

66. Counter-Claimant is informed and believes, and thereon alleges, that said interest payments were in excess of the maximum rate of interest allowed by Article XV, Section 1 of the California Constitution.

67. Counter-Claimant is informed and believes, and thereon alleges, that as a result, Counter-Claimant is entitled to recover from Counter-Defendants the interest amount paid pursuant to the Contracts and the Prior Contracts as money had

1    and received from the Counter-Defendants.

2

3                                    VII.

4                    SEVENTH COUNTER CLAIM FOR RELIEF

5                              (Unjust Enrichment)

6                          (Against Counter-Defendants)

7            68.    Counter-Claimant realleges and incorporates herein by this reference

8    paragraphs 1 -63, set forth above as though each paragraph was fully set forth herein.

9            69.    In light of the allegations set forth hereinabvoe, Counter-Claimant is

10   informed and believes, and thereon alleges, that Counter-Defendants have been

11   unjustly enriched by virtue of its receipt of funds under the Contracts and their

12   wrongful refusal to return said payments by Counter-Claimant thereunder.

13           70.    As a proximate result of the unjust enrichment of the Counter-

14   Defendants, Counter-Claimant has incurred monetary damages in an amount to be

15   determined at trial.

16                                    VIII.

17                    EIGHT COUNTER CLAIM FOR RELIEF

18                               (Accounting)

19                       (Against All Counter-Defendants)

20           Counter-Claimant realleges and incorporates herein by this reference

21   paragraphs 1 - 70, set forth above as though each paragraph was fully set forth herein.

22           71.    Counter-Claimant is informed and believes, and thereon alleges, that

23   based upon the business relationship and agreements by and between Counter-

24   Claimant and Counter-Defendant, among other reasons, Counter-Defendants have a

25   duty to provide Counter-Claimant with an accounting of all transactions conducted on

26   Counter-Claimant's behalf, including, without limitation, the Contracts as well as any

27   and all other agreements and/or contracts entered into by and between Counter-

28   Claimant and Counter-Defendants (the collectively "Prior Contracts"), by which

1  Counter-Defendants received payments from Counter-Claimant.

2      72.    Counter-Claimant is informed and believes, and thereon alleges, that

3  he entered into approximately sixteen Prior Contracts with Counter-Defendants, in

4  addition to the Contracts referred to herein.

5      73.    Counter-Claimant is informed and believes, and thereon alleges, that

6  Counter-Defendants have breached their duty by, among other things, their receipt of

7  Counter-Claimant's payment of a rate of interest that was higher than the rate

8  permitted by California Constitution Article 15 § 1.

9      74.    Counter-Claimant is informed and believes, and thereon alleges, that

10  he is entitled to have Counter-Defendants provide him with an accounting of all

11  actions taken by Counter-Defendants with respect to Contracts and Prior Contracts.

12  To date, Counter-Defendants have not supplied said accounting.

13      75.    Counter-Claimant hereby requests that Counter-Defendants be ordered

14  to render an account of all activities, deposits, money transfers, loans, payments, fees

15  and investments performed of behalf of Counter-Claimant between 1995 and the

16  present, in order to ascertain the exact losses he suffered.

17

18  **WHEREFORE**, Defendant and Counter-Claimant prays for judgment as

19  follows:

20      1.    For a judgment declaring that the Subject Plan Provisions are violative

21  of Counter-Claimant's due process rights and are therefore unenforceable;

22      2.    For general and special damages resulting from Counter-Defendant

23  Litfunding's fraud and deceit in an amount to be determined at trial;

24      3.    For general and special damages resulting from Counter-Defendant's

25  defamation in an amount to be determined at trial;

26      4.    For a judgment declaring the occurrence of an accord and satisfaction

27  regarding the $35,000 payment discussed in the Fourth Counter Claim for Relief,

28  above;

h:\h\c\1692.006_AnswerToComplaint.wpd
2/8/08 (2:20 pm)

5.    For general and special damages resulting from Counter-Defendant Litfunding's usury in the Berry Contract, Ainscough Contract and the Tarwater Contracts in the amount to be proven at trial;

6.    For general damages in an amount to be determined at trial concerning the Sixth Counter Claim For Relief, above;

7.    For general damages in an amount to be determined at trial concerning the Seventh Counter Claim For Relief, above;

8.    For a judgment requiring Counter-Defendant to provide an accounting as requested by the Eight Counter Claim For Relief, above;

9.    For punitive damages related to Counter-Defendant Litfunding's malicious and wrongful conduct against Plaintiff;

10.    For costs of suit incurred herein;

11.    For pre-judgment interest on any amount recovered at the lawful rate in an amount to be established according to proof at trial; and

12.    For such other and further relief as this Court deems necessary and appropriate to carry out the provisions of the Bankruptcy Code or to further the interests of justice.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all claims and issues so triable.

Defendant does not consent to the conduct of the jury trial in the bankruptcy court.


DATED:  February 8, 2008              WEINSTEIN, WEISS & ORDUBEGIAN LLP


                                      By___/s/ *Elan S. Levey*_____
                                         ELAN S. LEVEY
                                      Attorneys for Defendant and Counter-
                                      Claimant, William F. Conour

# EXHIBIT "1"

## CONTINGENT ADVANCE AGREEMENT (A)

*READ THIS AGREEMENT CAREFULLY AS IT IS A BINDING LEGAL OBLIGATION.*

Contingent Advance Agreement ("Agreement") dated as of March 19, 2002 between LitFunding Corp. ("LFC"), a California Corporation, and, Conour Doehrman ("Attorney"), in connection with the claim filed in the Marion County Circuit Court or described as Berry v. The State of Indiana, Case number 49D04-9907-CT-001015 ("Claim"), and in which the plaintiff(s) ("Client") is/are represented by Attorney.

LFC will provide Attorney with a non-recourse advance in the sum of $25,000.00 ("Advance"), to be paid to Attorney, which Attorney shall repay to LFC (together with the applicable fee(s) described below) only if the Claim is settled or otherwise successfully resolved as described below. Attorney's obligation to pay LFC is expressly subject to and contingent upon the payment or transfer of a Claim recovery (which is defined as: the payment of any judgment, settlement or other amount to Attorney or Client for ending the Claim ("Recovery").

*It is understood that this Advance by LFC to Attorney is not a loan or liquidated demand. If the Claim fails to secure any Recovery, Attorney owes nothing to LFC.*

Upon Recovery, Attorney will pay to LFC the following "Aggregate Fee" comprised of: (1) an amount equal to the Advance; and (2) a "Fee" consisting of the following amount of Attorney's Recovery:

| If LFC Paid Within: | Fee: |
|---|---|
| 0 - 90 days | $11,250.00 |
| 91 - 180 days | $22,500.00 |
| 181 - 270 days | $33,750.00 |
| 271 - 360 days | $45,000.00 |
| 361 - 450 days | $56,250.00 |
| 451 days or more | $60,000.00 |

*If the Recovery amounts to less than the Aggregate Fee, then the Aggregate Fee will be reduced to the amount of the Recovery.*

Attorney has investigated, considered and compared the Fee charged by LFC for this transaction and has independently determined that the Fee is reasonable.

ATTORNEY HEREBY EXPLICITLY ACKNOWLEDGES THAT LFC, THROUGH ITS REPRESENTATIVE(S), HAS CLEARLY ADVISED ATTORNEY THAT THE FEE DISCUSSED ABOVE IS SUBSTANTIAL AND IS SIGNIFICANTLY HIGHER THAT ANY SUM THAT WOULD BE CHARGED BY A NON-CONTINGENT LENDER. ACCORDINGLY, ATTORNEY HEREBY EXPRESSLY ACKNOWLEDGES THAT LFC HAS STRONGLY ADVISED ATTORNEY: (1) THAT LFC SHOULD BE VIEWED AS A FUNDING SOURCE OF LAST RESORT; AND (2) TO SEEK THE ADVICE OF A THIRD-PARTY BEFORE ENTERING INTO THIS AGREEMENT.

Upon Recovery, Attorney shall hold in trust for LFC all sums due LFC hereunder, and shall immediately and directly forward the Aggregate Fee to LFC prior to paying any other party (except Attorney) any sums in connection with the Claim. Attorney shall: (1) report to LFC, subject to any applicable privileges, the status of the Claim including proceedings, and the payments or receipt of any Recovery; and (2) pay LFC any amounts due hereunder, without deduction, set-off, reduction or discount. Attorney hereby grants to LFC a lien on the Claim and any Recovery thereon as security, and consents to a UCC filing.

If Attorney fails to timely pay any amounts due to LFC hereunder, LFC reserves the right to place the account in the hands of a collection agency. Attorney will pay LFC any amounts chargeable by any such agency plus any attorney's fees and other costs incurred by LFC in collecting such payment.

No inducements to Attorney have been offered or made by LFC or its representatives, nor has any representation, warranty, statement or promise of any kind or description been made to Attorney in connection herewith, except as expressly set forth herein.

Attorney represents and warrants that, to the best of Attorney's knowledge in the exercise of reasonable prudence. Client possesses and shall possess at all times while this Agreement is in effect, full, complete and unencumbered rights to the Recovery, subject only to preexisting liens and such liens as may be granted priority by statute.  This Agreement shall be governed by and construed in accordance with the laws of the State of California.

This Agreement, together with the Attorney Lien Acknowledgment and Declaration attached hereto as Exhibit "A" and by this reference made a part hereof (collectively, "Agreement"), constitutes the entire agreement of the parties with respect to the subject matter hereof, and any modifications thereto must be in writing and signed by both parties.

Attorney has read, understands, and agrees to all of the terms, promises, authorizations and instructions set forth herein and understands, and agrees to all of the terms, promises, authorizations and instructions set forth in this Agreement and hereby acknowledges receipt of an advance in the amount of $25,000.00.

## ATTORNEY LIEN ACKNOWLEDGMENT

I am the attorney for Sandra & Chuck Berry and I have read the Agreement and answered my client's questions in connection therewith.  I hereby acknowledge and agree to observe all the instructions, directions, terms and conditions of this lien, including those terms and conditions set forth above in the Agreement, and to withhold and pay to LFC (or its assigns) such sums from any settlement, judgment or verdict as may be necessary to adequately protect and pay LFC (or its assigns) in accordance with the terms hereof. I will immediately notify LFC of any substitution of attorney, and shall deliver this Agreement and Lien Acknowledgment to any substituted attorney.  Subject to applicable privileges, I will report to LFC the status of the Claim, including proceedings in the case, and the payment or receipt of any Recovery.

_____
Attorney's Signature

W. F. CONOUR
Print Name

State Bar No. 3336-49

State: Indiana

Address: 10333 N. Meridian #100

City/State: Indianapolis In 46290

Tel. No. (317) 705-4444

_____
3/20/02
Date

## EXHIBIT "A" - DECLARATION

I, W. F. Conour, Esq., Conour Doehrman declare,

I am an attorney licensed to practice before the courts of the State of Indiana and the attorney of record for Sandra & Chuck Berry.

Thank you for approving my application for funding on the Berry v. The State of Indiana case. I understand that your company will advance monies to me/my firm to use as I/we see fit.

I also understand that this transaction is not a loan, but an investment. As such, you should be aware that your investment in the case involves substantial risk and repayment is not guaranteed.

I have read and reviewed the terms of the Settlement Agreement, understand its terms and agree to abide by them.

I declare under penalty of perjury under the laws of Indiana, California and the United States that the foregoing is true and correct.

By: _____        Dated: 3/20/02
    W. F. Conour, Esq.
    Conour Doehrman

# EXHIBIT "2"

## CONTINGENT ADVANCE AGREEMENT (A)

*READ THIS AGREEMENT CAREFULLY AS IT IS A BINDING LEGAL OBLIGATION.*

Contingent Advance Agreement ("Agreement") dated as of February 13, 2002 between LitFunding Corp. ("LFC"), a California Corporation, and, Conour Doehrman ("Attorney"), in connection with the claim filed in the Hendricks County Circuit Court or described as Ainscough v. Bovis Construction Corporation, et. al., Case number 32C01-0001-CT-12 ("Claim"), and in which the plaintiff(s) ("Client") is/are represented by Attorney.

LFC will provide Attorney with a non-recourse advance in the sum of $25,000.00 ("Advance"), to be paid to Attorney, which Attorney shall repay to LFC (together with the applicable fee(s) described below) only if the Claim is settled or otherwise successfully resolved as described below. Attorney's obligation to pay LFC is expressly subject to and contingent upon the payment or transfer of a Claim recovery (which is defined as: the payment of any judgment, settlement or other amount to Attorney or Client for ending the Claim ("Recovery").

*It is understood that this Advance by LFC to Attorney is not a loan or liquidated demand. If the Claim fails to secure any Recovery, Attorney owes nothing to LFC.*

Upon Recovery, Attorney will pay to LFC the following "Aggregate Fee" comprised of: (1) an amount equal to the Advance; and (2) a "Fee" consisting of the following amount of Attorney's Recovery:

| If LFC Paid Within: | Fee: |
|---|---|
| 0 - 90 days | $11,250.00 |
| 91 - 180 days | $22,500.00 |
| 181 - 270 days | $33,750.00 |
| 271 - 360 days | $45,000.00 |
| 361 - 450 days | $56,250.00 |
| 451 days or more | $60,000.00 |

*If the Recovery amounts to less than the Aggregate Fee, then the Aggregate Fee will be reduced to the amount of the Recovery.*

Attorney has investigated, considered and compared the Fee charged by LFC for this transaction and has independently determined that the Fee is reasonable.

ATTORNEY HEREBY EXPLICITLY ACKNOWLEDGES THAT LFC, THROUGH ITS REPRESENTATIVE(S), HAS CLEARLY ADVISED ATTORNEY THAT THE FEE DISCUSSED ABOVE IS SUBSTANTIAL AND IS SIGNIFICANTLY HIGHER THAN ANY SUM THAT WOULD BE CHARGED BY A NON-CONTINGENT LENDER. ACCORDINGLY, ATTORNEY HEREBY EXPRESSLY ACKNOWLEDGES THAT LFC HAS STRONGLY ADVISED ATTORNEY: (1) THAT LFC SHOULD BE VIEWED AS A FUNDING SOURCE OF LAST RESORT; AND (2) TO SEEK THE ADVICE OF A THIRD-PARTY BEFORE ENTERING INTO THIS AGREEMENT.

Upon Recovery, Attorney shall hold in trust for LFC all sums due LFC hereunder, and shall immediately and directly forward the Aggregate Fee to LFC prior to paying any other party (except Attorney) any sums in connection with the Claim. Attorney shall: (1) report to LFC, subject to any applicable privileges, the status of the Claim including proceedings, and the payment or receipt of any Recovery; and (2) pay LFC any amounts due hereunder, without deduction, set-off, reduction or discount. Attorney hereby grants to LFC a lien on the Claim and any Recovery thereon as security, and consents to a UCC filing.

If Attorney fails to timely pay any amounts due to LFC hereunder, LFC reserves the right to place the account in the hands of a collection agency. Attorney will pay LFC any amounts chargeable by any such agency plus any attorney's fees and other costs incurred by LFC in collecting such payment.

No inducements to Attorney have been offered or made by LFC or its representatives, nor has any representation, warranty, statement or promise of any kind or description been made to Attorney in connection herewith, except as expressly set forth herein.

Attorney represents and warrants that, to the best of Attorney's knowledge in the exercise of reasonable prudence, Client possesses and shall possess at all times while this Agreement is in effect, full, complete and unencumbered rights to the Recovery, subject only to preexisting liens and such liens as may be granted priority by statute. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

This Agreement, together with the Attorney Lien Acknowledgment and Declaration attached hereto as Exhibit "A" and by this reference made a part hereof (collectively, **"Agreement"**), constitutes the entire agreement of the parties with respect to the subject matter hereof, and any modifications thereto must be in writing and signed by both parties.

Attorney has read, understands, and agrees to all of the terms, promises, authorizations and instructions set forth herein and understands, and agrees to all of the terms, promises, authorizations and instructions set forth in this Agreement and hereby acknowledges receipt of an advance in the amount of $25,000.00.

### ATTORNEY LIEN ACKNOWLEDGMENT

I am the attorney for **Scott Ainscough** and I have read the Agreement and answered my client's questions in connection therewith. I hereby acknowledge and agree to observe all the instructions, directions, terms and conditions of this lien, including those terms and conditions set forth above in the Agreement, and to withhold and pay to LFC (or its assigns) such sums from any settlement, judgment or verdict as may be necessary to adequately protect and pay LFC (or its assigns) in accordance with the terms hereof. I will immediately notify LFC of any substitution of attorney, and shall deliver this Agreement and Lien Acknowledgment to any substituted attorney. Subject to applicable privileges, I will report to LFC the status of the Claim, including proceedings in the case, and the payment or receipt of any Recovery.

_____          2-12-02
*Attorney's Signature*                              _____
                                                           *Date*

W.F. CONOUR
*Print Name*

State Bar No. 3339-49

State: INDIANA

Address: 10333 N. MERIDIAN #100

City/State: INDIANAPOLIS, IN 46290

Tel. No. (317) 705-4444

## EXHIBIT "A" – DECLARATION

I, William F. Conour, Esq., Conour Doehrman declare,

I am an attorney licensed to practice before the courts of the State of Indiana and the attorney of record for Scott Ainscough.

Thank you for approving my application for funding on the Ainscough v. Bovis Construction Corporation, et. al. case. I understand that your company will advance monies to me/my firm to use as I/we see fit.

I also understand that this transaction is not a loan, but an investment. As such, you should be aware that your investment in the case involves substantial risk and repayment is not guaranteed.

I have read and reviewed the terms of the Settlement Agreement, understand its terms and agree to abide by them.

I declare under penalty of perjury under the laws of Indiana, California and the United States that the foregoing is true and correct.

By: _____         Dated: 2-12-02
      William F. Conour, Esq.
      Conour Doehrman

# EXHIBIT "3"

## CONTINGENT ADVANCE AGREEMENT (A)

*READ THIS AGREEMENT CAREFULLY AS IT IS A BINDING LEGAL OBLIGATION.*

Contingent Advance Agreement ("**Agreement**") dated as of **February 19, 2002** between LitFunding Corp. ("**LFC**"), a California Corporation, and, **Conour Doehrman** ("**Attorney**"), in connection with the claim filed in the **Vigo Superior Court** or described as **Tarwater v. RBW Inc., et. al.**, Case number **84D01-9906-CP-894** ("**Claim**"), and in which the plaintiff(s) ("**Client**") is/are represented by Attorney.

LFC will provide Attorney with a non-recourse advance in the sum of **$25,000.00** ("**Advance**"), to be paid to Attorney, which Attorney shall repay to LFC (together with the applicable fee(s) described below) only if the Claim is settled or otherwise successfully resolved as described below. Attorney's obligation to pay LFC is expressly subject to and contingent upon the payment or transfer of a Claim recovery (which is defined as: the payment of any judgment, settlement or other amount to Attorney or Client for ending the Claim ("**Recovery**").

*It is understood that this Advance by LFC to Attorney is not a loan or liquidated demand. If the Claim fails to secure any Recovery, Attorney owes nothing to LFC.*

Upon Recovery, Attorney will pay to LFC the following "**Aggregate Fee**" comprised of: (1) an amount equal to the Advance; and (2) a "**Fee**" consisting of the following amount of Attorney's Recovery:

| If LFC Paid Within: | Fee: |
|---|---|
| 0 - 90 days | $11,250.00 |
| 91 - 180 days | $22,500.00 |
| 181 - 270 days | $33,750.00 |
| 271 - 360 days | $45,000.00 |
| 361 - 450 days | $56,250.00 |
| 451 days or more | $60,000.00 |

*If the Recovery amounts to less than the Aggregate Fee, then the Aggregate Fee will be reduced to the amount of the Recovery.*

Attorney has investigated, considered and compared the Fee charged by LFC for this transaction and has independently determined that the Fee is reasonable.

**ATTORNEY HEREBY EXPLICITLY ACKNOWLEDGES THAT LFC, THROUGH ITS REPRESENTATIVE(S), HAS CLEARLY ADVISED ATTORNEY THAT THE FEE DISCUSSED ABOVE IS SUBSTANTIAL AND IS SIGNIFICANTLY HIGHER THAT ANY SUM THAT WOULD BE CHARGED BY A NON-CONTINGENT LENDER.    ACCORDINGLY, ATTORNEY HEREBY EXPRESSLY ACKNOWLEDGES THAT LFC HAS STRONGLY ADVISED ATTORNEY: (1) THAT LFC SHOULD BE VIEWED AS A FUNDING SOURCE OF LAST RESORT; AND (2) TO SEEK THE ADVICE OF A THIRD-PARTY BEFORE ENTERING INTO THIS AGREEMENT.**

Upon Recovery, Attorney shall hold in trust for LFC all sums due LFC hereunder, and shall immediately and directly forward the Aggregate Fee to LFC prior to paying any other party (except Attorney) any sums in connection with the Claim. Attorney shall: (1) report to LFC, subject to any applicable privileges, the status of the Claim including proceedings, and the payments or receipt of any Recovery; and (2) pay LFC any amounts due hereunder, without deduction, set-off, reduction or discount. Attorney hereby grants to LFC a lien on the Claim and any Recovery thereon as security, and consents to a UCC filing.

If Attorney fails to timely pay any amounts due to LFC hereunder, LFC reserves the right to place the account in the hands of a collection agency. Attorney will pay LFC any amounts chargeable by any such agency plus any attorney's fees and other costs incurred by LFC in collecting such payment.

Contingent Investment Agreement (Attorney)
February 5, 2002
BL.v2

**40**

No inducements to Attorney have been offered or made by LFC or its representatives, nor has any representation, warranty, statement or promise of any kind or description been made to Attorney in connection herewith, except as expressly set forth herein.

Attorney represents and warrants that, to the best of Attorney's knowledge in the exercise of reasonable prudence, Client possesses and shall possess at all times while this Agreement is in effect, full, complete and unencumbered rights to the Recovery, subject only to preexisting liens and such liens as may be granted priority by statute. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

This Agreement, together with the Attorney Lien Acknowledgment and Declaration attached hereto as Exhibit "A" and by this reference made a part hereof (collectively, "Agreement"), constitutes the entire agreement of the parties with respect to the subject matter hereof, and any modifications thereto must be in writing and signed by both parties.

Attorney has read, understands, and agrees to all of the terms, promises, authorizations and instructions set forth herein and understands, and agrees to all of the terms, promises, authorizations and instructions set forth in this Agreement and hereby acknowledges receipt of an advance in the amount of $25,000.00.

## ATTORNEY LIEN ACKNOWLEDGMENT

I am the attorney for Mary Ellen Tarwater and I have read the Agreement and answered my client's questions in connection therewith. I hereby acknowledge and agree to observe all the instructions, directions, terms and conditions of this lien, including those terms and conditions set forth above in the Agreement, and to withhold and pay to LFC (or its assigns) such sums from any settlement, judgment or verdict as may be necessary to adequately protect and pay LFC (or its assigns) in accordance with the terms hereof. I will immediately notify LFC of any substitution of attorney, and shall deliver this Agreement and Lien Acknowledgment to any substituted attorney. Subject to applicable privileges, I will report to LFC the status of the Claim, including proceedings in the case, and the payment or receipt of any Recovery.

_Attorney's Signature_    Date 2/20/02

Print Name: W F CONOUR

State Bar No. 3339-49

State: INDIANA

Address: 10333 N MERIDIAN ST #100

City/State: INDPLS, IN 46280

Tel. No. 317 705 4444

Contingent Investment Agreement (Attorney)
February 5, 2002

Page 2 of 2

41

## EXHIBIT "A" -- DECLARATION

I, W. F. Conour, Conour Doehrman declare,

I am an attorney licensed to practice before the courts of the State of Indiana and the attorney of record for Mary Ellen Tarwater.

Thank you for approving my application for funding on the Tarwater v. RBW Inc., et. al. case. I understand that your company will advance monies to me/my firm to use as I/we see fit.

I also understand that this transaction is not a loan, but an investment. As such, you should be aware that your investment in the case involves substantial risk and repayment is not guaranteed.

I have read and reviewed the terms of the Settlement Agreement, understand its terms and agree to abide by them.

I declare under penalty of perjury under the laws of Indiana, California and the United States that the foregoing is true and correct.

By: _____        Dated: 2/20/02
     W. F. Conour
     Conour Doehrman

# EXHIBIT "4"

## CONTINGENT ADVANCE AGREEMENT (A)

*READ THIS AGREEMENT CAREFULLY AS IT IS A BINDING LEGAL OBLIGATION.*

Contingent Advance Agreement ("Agreement") dated as of **March 1, 2002** between LitFunding Corp. ("LFC"), a California Corporation, and, **Conour Doehrman** ("Attorney"), in connection with the claim filed in the Vigo Superior Court or described as Tarwater v. RBW, Inc., et. al., Case number 84D01-9906-CP894 ("Claim"), and in which the plaintiff(s) ("Client") is/are represented by Attorney.

LFC will provide Attorney with a non-recourse advance in the sum of $25,000.00 ("Advance"), to be paid to Attorney, which Attorney shall repay to LFC (together with the applicable fee(s) described below) only if the Claim is settled or otherwise successfully resolved as described below. Attorney's obligation to pay LFC is expressly subject to and contingent upon the payment or transfer of a Claim recovery (which is defined as: the payment of any judgment, settlement or other amount to Attorney or Client for ending the Claim ("Recovery").

*It is understood that this Advance by LFC to Attorney is not a loan or liquidated demand. If the Claim fails to secure any Recovery, Attorney owes nothing to LFC.*

Upon Recovery, Attorney will pay to LFC the following "Aggregate Fee" comprised of: (1) an amount equal to the Advance; and (2) a "Fee" consisting of the following amount of Attorney's Recovery:

| If LFC Paid Within: | Fee: |
|---|---|
| 0 - 90 days | $11,250.00 |
| 91 - 180 days | $22,500.00 |
| 181 - 270 days | $33,750.00 |
| 271 - 360 days | $45,000.00 |
| 361 - 450 days | $56,250.00 |
| 451 days or more | $60,000.00 |

*If the Recovery amounts to less than the Aggregate Fee, then the Aggregate Fee will be reduced to the amount of the Recovery.*

Attorney has investigated, considered and compared the Fee charged by LFC for this transaction and has independently determined that the Fee is reasonable.

**ATTORNEY HEREBY EXPLICITLY ACKNOWLEDGES THAT LFC, THROUGH ITS REPRESENTATIVE(S), HAS CLEARLY ADVISED ATTORNEY THAT THE FEE DISCUSSED ABOVE IS SUBSTANTIAL AND IS SIGNIFICANTLY HIGHER THAT ANY SUM THAT WOULD BE CHARGED BY A NON-CONTINGENT LENDER. ACCORDINGLY, ATTORNEY HEREBY EXPRESSLY ACKNOWLEDGES THAT LFC HAS STRONGLY ADVISED ATTORNEY: (1) THAT LFC SHOULD BE VIEWED AS A FUNDING SOURCE OF LAST RESORT; AND (2) TO SEEK THE ADVICE OF A THIRD-PARTY BEFORE ENTERING INTO THIS AGREEMENT.**

Upon Recovery, Attorney shall hold in trust for LFC all sums due LFC hereunder, and shall immediately and directly forward the Aggregate Fee to LFC prior to paying any other party (except Attorney) any sums in connection with the Claim. Attorney shall: (1) report to LFC, subject to any applicable privileges, the status of the Claim including proceedings, and the payments or receipt of any Recovery; and (2) pay LFC any amounts due hereunder, without deduction, set-off, reduction or discount. Attorney hereby grants to LFC a lien on the Claim and any Recovery thereon as security, and consents to a UCC filing.

If Attorney fails to timely pay any amounts due to LFC hereunder, LFC reserves the right to place the account in the hands of a collection agency. Attorney will pay LFC any amounts chargeable by any such agency plus any attorney's fees and other costs incurred by LFC in collecting such payment.

**43**

No inducements to Attorney have been offered or made by LFC or its representatives, nor has any representation, warranty, statement or promise of any kind or description been made to Attorney in connection herewith, except as expressly set forth herein.

Attorney represents and warrants that, to the best of Attorney's knowledge in the exercise of reasonable prudence, Client possesses and shall possess at all times while this Agreement is in effect, full, complete and unencumbered rights to the Recovery, subject only to preexisting liens and such liens as may be granted priority by statute. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

This Agreement, together with the Attorney Lien Acknowledgment and Declaration attached hereto as Exhibit "A" and by this reference made a part hereof (collectively, "Agreement"), constitutes the entire agreement of the parties with respect to the subject matter hereof, and any modifications thereto must be in writing and signed by both parties.

Attorney has read, understands, and agrees to all of the terms, promises, authorizations and instructions set forth herein and understands, and agrees to all of the terms, promises, authorizations and instructions set forth in this Agreement and hereby acknowledges receipt of an advance in the amount of $25,000.00.

*This Agreement shall have no force or effect unless and until it is signed by a duly authorized officer of LFC:*

**ACCEPTED AND AGREED:**

LitFunding Corp.

By  *Morton Reed*

Its _____   Date _____

### ATTORNEY LIEN ACKNOWLEDGMENT

I am the attorney for Kenneth Tarwater and I have read the Agreement and answered my client's questions in connection therewith. I hereby acknowledge and agree to observe all the instructions, directions, terms and conditions of this lien, including those terms and conditions set forth above in the Agreement, and to withhold and pay to LFC (or its assigns) such sums from any settlement, judgment or verdict as may be necessary to adequately protect and pay LFC (or its assigns) in accordance with the terms hereof. I will immediately notify LFC of any substitution of attorney, and shall deliver this Agreement and Lien Acknowledgment to any substituted attorney. Subject to applicable privileges, I will report to LFC the status of the Claim, including proceedings in the case, and the payment or receipt of any Recovery.

_____
Attorney's Signature                                    3-1-02
W F CONOUR                                              Date
Print Name

State Bar No.  3339-49

State:  INDIANA

Address:  10333 N Meridian St  #100

City/State:  Indpls, IN 46280

Tel. No.  317-705-4444

Contingent Investment Agreement (Attorney)                    Page 2 of 2
August 30, 2000
rev. 4

44

## EXHIBIT "A" – DECLARATION

I, W. F. Conour, Esq., Conour Doehrman declare,

I am an attorney licensed to practice before the courts of the State of Indiana and the attorney of record for Kenneth Tarwater.

Thank you for approving my application for funding on the Tarwater v. RBW, Inc., et. al. case. I understand that your company will advance monies to me/my firm to use as I/we see fit.

I also understand that this transaction is not a loan, but an investment. As such, you should be aware that your investment in the case involves substantial risk and repayment is not guaranteed.

I have read and reviewed the terms of the Settlement Agreement, understand its terms and agree to abide by them.

I declare under penalty of perjury under the laws of Indiana, California and the United States that the foregoing is true and correct.

By: _____          Dated: __3/1/02__

    W. F. Conour, Esq.
    Conour Doehrman